UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DYLAN J. HOWARD, | : |
| Plaintiff, | Civ. No. 18-800 (JMV/JBC) |
| v. | |
| PTL. JORGE REYES, B.P.D., *et al.*, | **OPINION** |
| Defendants. | |

**VAZQUEZ, District Judge**

**I.     INTRODUCTION**

Plaintiff Dylan J. Howard, proceeding *pro se*, seeks to bring a federal civil rights complaint. At this time,[1] the Court must review Mr. Howard's pleading, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

For the reasons set forth below, the following claims may now proceed: (1) Howard's 42 U.S.C. § 1983 unlawful search claim against all four Borough of Butler Police Department ("BPD") officers named in his complaint, *i.e.*, Patrolman Kyle G. Fontanazza, Patrolman Jorge Reyes, Lieutenant Scott T. Ricker, and Patrolman Scott Sinopoli; and (2) his § 1983 excessive force claim against Patrolman Jorge Reyes. All other claims in Howard's pleading are dismissed without prejudice.

---

[1] The Court previously granted Mr. Howard leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file his complaint. (DE 2.)

## II. BACKGROUND

Mr. Howard's complaint formally identifies Fontanazza, Reyes, Ricker, and Sinopoli – and those four individuals only – as defendants.[2] (DE 1.) The Court accepts the incredibly limited factual allegations in Howard's pleading, detailed below, as true for purposes of the present screening.

On March 31, 2016, BPD Patrolmen Fontanazza, Sinopoli, Reyes, and their supervising officer, Lieutenant Ricker, all responded to a call at Howard's home. (*Id.* at 3.) On that date, all four officers entered Howard's residence under false pretenses, and did so without a warrant, permission, or any other valid authorization. (*Id.* at 3, 4.) Upon entering, Reyes, then accompanied by Ricker, went to Howard's bedroom where Reyes, without probable cause, shot Howard four times in the torso with his BPD-issued firearm. (*Id.* at 3.)

The four named defendants thereafter – at the direction of Ricker – falsely stated in their respective police reports that Howard's grandmother, Ann King, who lived with Mr. Howard at his residence, gave them permission to enter. (*Id.*) In addition, "all [four officers] failed to secure the crime scene properly and tampered with evidence by contaminating and removing objects from the residence." (*Id.*) Moreover, Reyes, Ricker, Fontanazza, and Sinopoli each violated BPD protocol by failing to activate their body microphones before entering Howard's home. (*Id.*)

---

[2] While the caption of Howard's complaint appears to list Borough of Butler Police Department as a fifth, stand-alone defendant (*see* DE 1 at 1), the balance of his pleading demonstrates that he is not pursuing relief from that municipal entity. To be clear, Howard's complaint includes no specific factual allegations or formal claims against BPD. (*See*, *generally*, *id.*) Indeed, his apparent listing of BPD in the caption of his complaint is the only time Howard refers to that municipal entity as a stand-alone defendant. The substantive information in Howard's pleading instead shows that he is only pursuing claims against the four individual BPD officers listed above. (*See*, *generally*, *id.*) The Court accordingly construes Howard's complaint as *not* naming BPD as a defendant.

2

Howard – in conclusory fashion – alleges that the foregoing actions violated a number of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. (*Id.*)

## III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the Court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint may also be dismissed for failure to state a claim if it appears "'that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981). *Pro se* pleadings are liberally construed. *See Haines*, 404 U.S. at 520-21. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted)).

## IV. DISCUSSION

### A. 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights by a state official or employee. That statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48

(1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (noting that Section 1983 does not provide substantive rights; rather, it provides a vehicle for vindicating violations of other federal rights).

### B. Howard's unlawful search claim against Fontanazza, Sinopoli, Reyes, and Ricker may proceed

Howard first appears to be asserting an unlawful search claim against BPD officers Fontanazza, Sinopoli, Reyes, and Ricker; this claim is rooted in the Fourth Amendment. "It is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable." *Groh v. Ramirez*, 540 U.S. 551, 559 (2004) (quoting *Payton v. New York*, 445 U.S. 573, 586 (1980)). Nevertheless, "the warrant requirement is subject to certain exceptions." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006). The exceptions include exigent circumstances and consent. *See Couden v. Duffy*, 446 F.3d 483, 496 (3d Cir. 2006).

Here, Howard claims that all four BPD officers entered his home on March 31, 2016 without a warrant, permission, or any other valid authorization. (*See* DE 1 at 3, 4.) He expressly claims that his grandmother did not consent to their entry. (*See id.* at 3.) Furthermore, Howard does not allege any facts which suggest that the officers' warrantless entry into his home was justified based on other exigent circumstances. The Court will accordingly permit Howard's unlawful search claim against Fontanazza, Sinopoli, Reyes, and Ricker to proceed.

### C. Howard's excessive force claim against Reyes may also proceed

Mr. Howard next raises an excessive force claim against Reyes, who, again, allegedly shot Howard four times in the torso. (*See* DE 1 at 3.) Howard expressly claims Reyes fired at him with the "intent to kill without probable cause." (*See id.* at 4.) Howard's excessive force claim against Reyes is rooted in the Fourth Amendment. Indeed:

5

> "[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham*[, 490 U.S. at 395]. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 [] (internal quotation marks omitted). An analysis of the reasonableness of an officer's actions "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*; *see also Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997) (*abrogated on other grounds by Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007)) ("Other relevant factors include the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time.").

*Damiani v. Duffy*, 754 F. App'x 142, 146-47 (3d Cir. 2018).

Here, Howard alleges – albeit in sparse fashion – that Reyes used deadly force against him without probable cause to do so. In light of these unequivocal factual allegations, the Court will permit Howard's excessive force claim against Reyes to proceed past screening.

**D. Howard's putative unlawful arrest claim is dismissed**

It appears that Howard may also be attempting to bring a § 1983 unlawful arrest claim. (*See* DE 1 at 4 (Howard asserting claim for "deprivation of life and liberty").) For this Fourth Amendment-based claim to proceed past screening, Howard must allege: "(1) that there was an arrest; and (2) that the arrest was made without probable cause."[3] *James v. City of Wilkes-Barre*,

---

[3] "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (internal quotations and citation omitted); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted).

6

700 F.3d 675, 680 (3d Cir. 2012) (citations omitted). Here, Howard's complaint fails to state that he was arrested, much less claim that this arrest was made without probable cause. Howard accordingly fails to state a § 1983 unlawful arrest claim against any of individual defendants.

**E. Howard's putative unlawful imprisonment claim is dismissed**

It likewise appears that Howard may be asserting a § 1983 claim for unlawful imprisonment. (*See* DE 1 at 5 (Howard requesting monetary damages for his "Wrongful Imprisonment.").) For this Fourth Amendment-based claim to proceed past screening, Howard must allege: "(1) that he was detained; and (2) that the detention was unlawful." *Glaspie v. County of Gloucester*, No. 15-7691, 2018 WL 4179461, at *4 (D.N.J. Aug. 31, 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). Howard's complaint fails to allege that he was imprisoned after being shot, much less claim that this detention was unlawful. Howard accordingly fails to state a § 1983 unlawful imprisonment claim against any of individual defendants and that claim – insomuch as Howard is trying to bring such a claim – will be dismissed.

**F. Howard's putative § 1983 conspiracy claim is dismissed**

Howard may also be attempting to bring a § 1983 conspiracy claim[4] against Fontanazza, Sinopoli, Reyes, and Ricker based on their purported breaches of BPD protocol and their coordinated effort to falsely state in their respective police reports that Howard's grandmother

---

[4] "The [specific] elements of a claim of conspiracy to violate federal civil rights are as follows:

> (1) two or more persons conspire to deprive any person of constitutional rights; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States, with the added gloss under § 1983 that the conspirators act under the color of state law."

*Jutrowski v. Township of Riverdale*, 904 F.3d 280, 294 n. 15 (3d Cir. 2018) (citing *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)) (internal quotations and bracketing omitted).

7

gave them permission to enter his home on March 31, 2016. As the Third Circuit recently explained:

> To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law "reached an understanding" to deprive him of his constitutional rights. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 [] (1970). Such rights include, of course, those protected by the Due Process Clause of the Fourteenth Amendment, such as the "right to be heard in an impartial forum," *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 161 (3d Cir. 2010), and the "right of access to the courts," *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). Those rights "assure[] that no person will be denied the opportunity to present to the judiciary allegations concerning violations of . . . constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579 [] (1974).
>
> . . . [T]he right of access to the courts . . . [is] denied when law enforcement officers conspire to cover up constitutional violations, *see*, *e.g.*, *Colbert[ v. City of Chicago*, 851 F.3d 649, 657-58 (7th Cir. 2017)] (holding that the plaintiff could allege under § 1983 that "the named officers participated in something akin to a 'conspiracy of silence among the officers' in which defendants refuse to disclose which of their number has injured the plaintiff"). A "conspiracy of silence" among officers is actionable as a § 1983 conspiracy because the coordinated officer conduct "impede[s] an individual's access to courts" and renders "hollow" a victim's right to redress in a court of law. *Vasquez v. Hernandez*, 60 F.3d 325, 328-29 (7th Cir. 1995) ("[W]hen police officers conceal or obscure important facts about a crime from its victims rendering hollow the right to seek redress, constitutional rights are undoubtedly abridged."); *see also Swiggett v. Upper Merion Twp.*, No. 08-2604, 2008 WL 4916039, at *4 (E.D. Pa. Nov. 17, 2008) ("[C]ourts have found that concealing a constitutional violation, including use of excessive force, does not amount to a separate constitutional violation unless the victim of the concealment was deprived of his right of access to the courts.").
>
> After a plaintiff establishes that the object of the conspiracy was the deprivation of a federally protected right, "the rule is clear that" the plaintiff "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184-85 (3d Cir. 2009) (citing *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)). To show agreement, he must demonstrate that "the state actors named as defendants in the[] complaint somehow reached an

> understanding to deny [the plaintiff] his rights," *Kost v. Kozakiewicz*, 1 F.3d 176, 185 (3d Cir. 1993) . . . .

*Jutrowski v. Township of Riverdale*, 904 F.3d 280, 293-95 (3d Cir. 2018).

In his complaint, Howard expressly alleges that all four BPD officer defendants – acting in concert, at the direction of Ricker – knowingly falsified their respective written reports to indicate that Howard's grandmother, Ann King, consented to the defendants' entry into Howard's home on March 31, 2016. (DE 1 at 3.) As noted above, but-for Ms. King's purported authorization, the officers' warrantless entry into Howard's dwelling under the circumstances alleged by Howard would violate the Fourth Amendment. Howard has therefore alleged sufficient facts showing that these defendants engaged in an after-the-fact conspiracy to conceal their unauthorized – and thus, unconstitutional – March 31st entry into residence.[5]

Howard, however, does not assert that the knowingly false information Fontanazza, Sinopoli, Reyes, and Ricker provided in their respective reports has deprived him of his constitutional right of access to the courts. Indeed, Howard's complaint contains no facts that indicate that Howard's ability to pursue relief in a judicial forum has been impeded because the defendants' reports falsely claim that Ms. King authorized entry into Howard's dwelling. Howard likewise fails to allege any facts which indicate that the BPD officers included this untruthful information with the goal of depriving Howard of his federally protected right of court access. Again, "concealing a constitutional violation, including [a Fourth Amendment violation], does not amount to a separate constitutional violation unless the victim of the concealment was deprived of

---

[5] Mr. Howard also claims that all four BPD officers "failed to secure the crime scene properly[,] tampered with evidence by contaminating and removing objects from the residence[,]" and otherwise "broke protocol" in a manner which may have inhibited Howard's ability to develop his civil rights case, *i.e.*, "by not activating police issued body microphones before responding to Howard's residence." (DE 1 at 3.) Howard does not, however, claim that any of these actions were conspiratorial in nature, *i.e.*, performed by the defendants in concert, pursuant to an agreement.

his right of access to the courts." *Jutrowski*, 904 F.3d at 294-95 (quoting *Swiggett*, 2008 WL 4916039, at *4). Howard's pleading accordingly fails to state a viable § 1983 conspiracy claim under the standard announced in *Jatrowski*.

## V. CONCLUSION

For the reasons set forth herein, Howard's § 1983 unlawful search claim may proceed against all four defendants, *i.e.*, Fontanazza, Sinopoli, Reyes, and Ricker. Howard's § 1983 excessive force claim against Reyes may also proceed. All other claims in Howard's complaint are dismissed without prejudice. Howard is provided forty-five (45) days to file an amended complaint, if he so elects, as to those claims dismissed without prejudice.[6] If he fails to do so, then those claims will be dismissed with prejudice.[7] An appropriate Order accompanies this Opinion.

Date: June 21, 2019
At Newark, New Jersey

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

---

[6] Howard should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); *see also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Wright & Miller, *supra*, at § 1476.

[7] This means that Howard will be unable to bring those claims again.

10