UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DYLAN J. HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>PTL. JORGE REYES, *et al.*,<br><br>    Defendants. | Civil Action No. 18-800 (JMV)<br><br>OPINION AND ORDER |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Dylan J. Howard ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). [ECF No. 23]. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 23] is **DENIED**.

Plaintiff initiated this action on January 18, 2018 by filing a complaint along with an application to proceed *in forma pauperis*. ECF No. 1. On February 13, 2018, Plaintiff filed a Motion for the appointment of *pro bono* counsel. ECF No. 3. Plaintiff's application for *pro bono* counsel was denied on the grounds that it was premature given that Plaintiff's application to proceed *in forma pauperis* was still pending. *See* ECF No. 4. Plaintiff's request to proceed *in forma pauperis* was ultimately denied without prejudice, after which Plaintiff filed a new application with the required documents. *See* ECF Nos. 6, 7. On July 25, 2018, the Court granted Plaintiff's *in forma pauperis* application and ordered the Clerk of the Court to file Plaintiff's Complaint. ECF No. 8.

Plaintiff's claims arise from an incident in which four members of the Borough of Butler Police Department—Defendants Patrolman Kyle G. Fontanazza, Patrolman Jorge Reyes, Lieutenant Scott T. Ricker, and Patrolman Scott Sinopoli (collectively "Defendants")—allegedly

used excessive force and apprehended Plaintiff without probable cause. *See* ECF No. 1. On June 21, 2019, the Court permitted Plaintiff's 42 U.S.C. § 1983 unlawful search claim against all four Defendants and Plaintiff's § 1983 excessive force claim against Defendant Reyes to proceed; all other claims were dismissed without prejudice. *See* ECF Nos. 10, 11. For those claims dismissed without prejudice, the Court provided Plaintiff forty-five (45) days to file an Amended Complaint. *See* ECF No. 11. Plaintiff sought leave to file an Amended Complaint, which the Court granted on June 30, 2020. *See* ECF Nos. 24, 33.

Plaintiff now seeks appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses; and
(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer

lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).

As to the initial question of whether Plaintiff's claims have merit, the Court notes that Plaintiff's remaining claims were screened by the Court and allowed to proceed, and for the purposes of the present motion the Court will assume that Plaintiff's surviving claims have at least some merit. Presently, regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making factors (2)-(5) of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers*, 2000 WL 1022979, at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. Plaintiff states that he has no "experience in litigating a civil case" nor "legal education past a High School Diploma" and that he must undertake "extensive research in learning how to handle the court action that is required." ECF No. 23-1 at pp. 5-6. Plaintiff further states he is allotted only one hour per week in the law library, which "severely handicaps the time and performance that is require[d] to satisfy the proper codes and procedure." *Id*. at p. 6. However, Plaintiff fails to explain how this will impede his ability to present his case. Thus far, Plaintiff has managed to file a Complaint, an application to proceed *in forma pauperis*, two motions for the appointment of *pro bono* counsel, a motion for leave to amend, an Amended Complaint, and a

number of letters to the Court all without the assistance of counsel. These filings demonstrate Plaintiff is capable of presenting his case.

Furthermore, although Plaintiff states otherwise, Plaintiff's claims are not complex. Appointment of counsel will be favored "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 F.3d at 156 (quotations and citation omitted). Here, the legal issues raised by Plaintiff's claims are not unsettled law. The claims are straightforward. Plaintiff states that he has asked for a jury trial and this "requires much greater skill than the Plaintiff has or can develop." ECF No. 23-1 at p. 6. However, at this stage in the litigation, it would be premature to consider this.

Plaintiff also claims that his case will require expert testimony, discovery of documents and depositions, and involve conflicting testimony [ECF No. 23-1 at p. 2]; however, at this stage in the litigation, the degree to which factual investigations will be necessary, the extent to which the case is likely to turn on credibility determinations, and whether Plaintiff will require expert witnesses is frankly unclear. Finally, while the sixth *Tabron* factor may weigh in Plaintiff's favor, this fact alone is not sufficient to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).

The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this **13th** day of **July, 2020**,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 23] is **DENIED WITHOUT PREJUDICE**.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**